a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL LUCIEN-BEY #502734,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00755<br>SEC P |
| VERSUS | JUDGE DRELL |
| MARCUS MYERS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Michael Anthony Lucien-Bey ("Lucien-Bey"). Lucien-Bey is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He seeks monetary damages and injunctive relief, including a preliminary injunction. ECF No. 1.

Because Lucien-Bey Complaint (ECF No. 1) is frivolous and fails to state a claim for which relief can be granted, it should be DENIED and DISMISSED in its entirety.

I. **Factual Background**

Lucien-Bey alleges that Defendants do not always wear masks. Specifically, he identifies five instances in September and October of 2020 where Defendants Kent Dauzat, Terry Bordelon, Jonathan Norman, and Terry Morgan were in the kitchen standing "over the food line" without wearing masks. ECF No. 6 at 3, 4. Lucien-Bey

1

alleges that Defendants were negligent in failing to follow COVID-19 safety protocols. ECF No. 6 at 4.

## II. Law and Analysis

### A. Lucien-Bey's Complaint is subject to preliminary screening.

As a prisoner seeking redress from an officer or employee of a governmental entity, Lucien-Bey's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Section 1915A(b) provides for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. A preliminary injunction is premature and unwarranted.

Lucien-Bey seeks a preliminary injunction. However, a preliminary injunction cannot be issued without notice to the adverse party and an opportunity for that party to respond. Fed. R. Civ. P. 65(a)(1); *Granny Goose Foods, Inc.*, 415 U.S. at 434 n. 7; *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984). Lucien Bey's case is under preliminary screening and has not been served on Defendants. Thus, a preliminary injunction is not procedurally proper. Moreover, because Lucien-Bey's Complaint is subject to dismissal under § 1915A, a preliminary injunction is unwarranted.

### C. Lucien-Bey cannot recover monetary damages.

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The injury required by this statute must be more than *de minimis*. See *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003), *cert. denied*, 541 U.S. 1012 (2004). Lucien-Bey does not allege that he suffered any physical injury from Defendant's alleges actions.

### D. Lucien-Bey has not alleged deliberate indifference by Defendants.

Lucien-Bey alleges that Defendants' failure to wear masks creates unsafe conditions of his confinement. To state a claim for unconstitutional conditions of confinement, an inmate must establish two elements—one objective, one subjective—to prevail on a conditions-of-confinement claim. See *Farmer v. Brennan*, 511 U.S.

825, 834 (1994); *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019). First, he must show that the relevant official denied him "the minimal civilized measure of life's necessities" and exposed him "to a substantial risk of serious harm." *Arenas,* (quotation marks omitted). The "alleged deprivation" must be "objectively serious." *Id.* Second, the prisoner must show "that the official possessed a subjectively culpable state of mind in that he exhibited deliberate indifference" to the risk of harm. *Id.* (citations and quotation marks omitted).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). If fact, it "is treated as similar to criminal recklessness." *Kennedy v. Potter*, 344 F. App'x 987, 989 (5th Cir. 2009) (citing *Farmer*, 511 U.S. at 839–40). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 420 (5th Cir. 2017) (citation and quotation marks omitted). Lucien-Bey provides no allegations that Defendants subjectively intended to cause him harm by occasionally failing to wear masks or subjected him to inhumane conditions.

Other federal courts have also determined that the inconsistent wearing of face masks by prison staff does not reach the level of deliberate indifference required to plead a constitutional claim. *Johnson v. Entzel*, 21-1013, 2021 WL 231732, at *2 (C.D. Ill. Jan. 22, 2021) (lack of consistent mask-wearing "does not evidence the level of culpability necessary to plead deliberate indifference"); *Mayfield v. Peissig*, No. 20-269, 2020 WL 3414757, at *1 (W.D. Wis. June 22, 2020) (lack of social distancing

and inconsistent mask use do not amount to deliberate indifference); *Chacha v. Decker*, 20-CV-6167, 2020 WL 5946942, at *3 (S.D.N.Y. Oct. 7, 2020) (inconsistent mask-wearing, among other things, did not evince a "conscious disregard of a substantial risk of serious harm.") (citing *Gutierrez v. Dubois*, 20-CV-2079, 2020 WL 3072242, at *6 (S.D.N.Y. June 10, 2020)); *see also, e.g., Valentine v. Collier*, 20-20525, 2021 WL 1153097, at *8 (5th Cir. Mar. 26, 2021).

### III. Conclusion

Because Lucien-Bey's Complaint is frivolous and fails to state a claim for which relief can be granted, IT IS RECOMMENDED that the Complaint (ECF No. 1), and request for preliminary injunction contained therein, be DENIED and DISMISSED WITH PREJUDICE under § 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 27, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE